Charlotte A. BLISS and Candace Weber, Appellants,

v.

State of WISCONSIN DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS; Labor & Industry Review Commission; and Mifflin Community Health Center, Respondents.†

Court of Appeals

*No. 80–1072. Submitted on briefs January 13, 1981.—
Decided February 24, 1981.*
(Also reported in 304 N.W.2d 783.)

For the appellants the cause was submitted on the briefs of *Jeffery R. Myer* and *Kenneth P. Casey,* Legal Action of Wisconsin, Inc., of Milwaukee.

For the respondents the cause was submitted on the brief of *James L. Pflasterer,* legal staff director, and *Melvin Jarchow,* attorney, Labor and Industry Review Commission, of Madison.

Before Donlin, P.J., Foley, J., and Dean, J.

† Petition to review denied.

DONLIN, P.J. Charlotte Bliss and Candace Weber sought unemployment compensation when their employment with Mifflin Community Health Center (MCHC), a nonprofit organization funded by the federal CETA program, was terminated on March 31, 1978. The Department of Industry, Labor and Human Relations (DILHR) determined that the state Unemployment Compensation Act did not cover CETA employees. The Labor and Industry Review Commission (LIRC) affirmed the hearing examiner's decision, and the circuit court affirmed LIRC's decision. Bliss and Weber argue that the CETA program was neither work relief nor work training and, therefore, DILHR erred in denying unemployment compensation. Because we conclude that DILHR correctly determined the CETA program to constitute work relief and work training, we affirm.

Bliss and Weber are entitled to unemployment compensation only if they meet the statutory requirements. The hearing examiner and LIRC concluded that the nonprofit corporation was an employer included in the Act's coverage,[1] but that the CETA program fell within the exclusion for employment that constituted work relief or work training.[2] If an agency's interpretation concerning

---

[1] Section 108.02(4)(b), Stats., provides:

Any employer which is a nonprofit organization shall become an "employer" subject to this chapter as of the beginning of any calendar year if it employed as many as 4 individuals in employment for some portion of a day on at least 20 days, each day being in a different calendar week, whether or not such weeks were consecutive, in either that year or the preceding calendar year.

[2] Section 108.02(5)(g)1, Stats., provides:

(g) "Employment" as applied to work for a government unit or a nonprofit organization, except as such unit or organization duly elects otherwise with the department's approval, does not include service:

1. By an individual receiving work relief or work training as part of an unemployment work-relief or work-training program

a question of law has a rational basis in law and does not conflict with the statute's legislative history, prior decisions of the court or constitutional provisions, the reviewing court should uphold the agency's determination.[3] Furthermore, the court must accord due deference to the agency's expertise.[4]

The Unemployment Compensation Act's definition of employer includes nonprofit corporations if they employ four people for some portion of a day on at least twenty days. Each day must be in a different calendar week.[5] Although the MCHC met this requirement, it is subject to the unemployment compensation law only if the CETA program is not excluded from the statute's definition of employment.

The Unemployment Compensation Act provides: " 'Employment' as applied to work for a government unit or a nonprofit organization, . . . does not include service: 1. By an individual receiving work relief or work training as part of an unemployment work-relief or work-training program assisted or financed in whole or in part by any federal agency . . . ."[6] Work relief is defined as

assisted or financed in whole or in part by any federal agency or an agency of a state or political subdivision thereof, unless otherwise required as a condition for participation by the unit or organization in such program;

As appellant notes, a similarly worded statute, §108.02(5)(g)7e, Stats. (1975), existed prior to this. The change in 1977 does not affect the outcome of this case.

[3] *Dairy Equipment Co. v. DILHR*, 95 Wis.2d 319, 290 N.W.2d 330 (1980).

[4] Section 227.10, Stats; *Muskego-Norway Consol. Schools Joint School Dist. No. 9 v. WERB*, 35 Wis.2d 540, 151 N.W.2d 617 (1967).

[5] Section 108.02(4)(b), Stats.

[6] Section 108.02(5)(g)1, Stats. This language follows the provision in the federal Unemployment Tax Act, excluding from coverage certain services performed for a nonprofit corporation. 26 U.S.C. 3309(b)(6) (1976).

"[w]ages paid by a city, town, or county, from money specifically appropriated for the purpose of relief, or from money provided by the federal government or any agency thereof, to persons unemployed or whose employment is inadequate to provide the necessities of life . . . ."[7]

Bliss and Weber received their wages through a federally funded CETA program. The Congressional statement of purpose establishes the program as one designed to benefit the unemployed and underemployed:

It is the purpose of this chapter to provide job training and employment opportunities for economically disadvantaged, unemployed, and underemployed persons, and to assure that training and other services lead to maximum employment opportunities and enhance self-sufficiency by establishing a flexible and decentralized system of Federal, State, and local programs.[8]

Eligibility for CETA employment is limited to those who are unemployed, underemployed or economically disadvantaged.[9] Both Bliss and Weber, to be eligible for employment through CETA, had to meet these requirements.

Since CETA is a federally funded program designed to provide work to unemployed and underemployed persons, we conclude that it qualifies as a work-relief or work-training program. We therefore conclude that because the agency's decision has a rational basis in law and comports with the statutes and prior case law, un-

---

[7] *City of Madison v. Dane County*, 236 Wis. 145, 154, 294 N.W. 544, 548 (1940). *See also* BLACK'S LAW DICTIONARY 1780 (rev. 4th ed. 1968).

[8] 29 U.S.C. §801 (1976). The statement of purpose has since been amended, but the changes are not relevant to this action. Act of Oct. 27, 1978, Pub. L. No. 93–203 §2, 92 Stat. 1912, *reprinted in* U. S. CODE CONG. & AD. NEWS 95–524.

[9] 29 C.F.R. §95.32.

employment compensation benefits were properly denied Bliss and Weber pursuant to sec. 108.02(5)(g)1, Stats.

*By the Court.*—Judgment affirmed.

